**WO**

JKM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Maria Victoria Gemma Ramirez,<br><br>            Petitioner,<br><br>vs.<br><br>Katrina Kane,<br><br>            Respondent. | No. CV 07-1524-PHX-MHM (GEE)<br><br>**ORDER** |

Petitioner Maria Victoria Gemma Ramirez (A76-267-838), who is confined in the Central Arizona Detention Center in Florence, Arizona, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The $5.00 filing fee has been paid. The Court will dismiss the Petition with leave to file an amended petition.

**I.      Petition**

On September 11, 2006, an immigration judge entered an order for Petitioner's removal from the United States. On December 21, 2006, the Board of Immigration Appeals (BIA) affirmed the immigration judge's decision. Petitioner's petition for review from the decision of the BIA is currently pending before the United States Court of Appeals for the Ninth Circuit. See Ramirez v. Gonzales, No. 06-75815 (9th Cir. pet. for review filed Dec. 28, 2006). In an unpublished order filed on June 12, 2007, the court of appeals granted Petitioner's request for a stay of removal. Id. Relying on Zadvydas v. Davis, 533 U.S. 678, 701 (2001), Petitioner argues that her detention under 8 U.S.C. § 1231(a) for more than six

**JDDL**

months is not lawful because there is no reasonable likelihood that she will be removed in the reasonably foreseeable future.

**II.    Discussion**

      **A.    Jurisdiction**

      The REAL ID Act of 2005 does not deprive the Court of jurisdiction because the Act was "not intended to 'preclude habeas review over challenges to detention that are independent of challenges to removal orders.'" <u>Hernandez v. Gonzales</u>, 424 F.3d 42, 42-43 (1st Cir. 2005) (quoting H.R. Cong. Rep. No. 109-72, at 2873 (2005)); <u>See also</u> <u>Nadarajah v. Gonzales</u>, 443 F.3d 1069, 1075 (9th Cir. 2006) ("By its terms, the jurisdiction-stripping provision [of the REAL ID Act] does not apply to federal habeas corpus petitions that do not involve final orders of removal."). Because Petitioner challenges only her detention, and not the merits of her removal order, the Court retains jurisdiction.

      **B.    Detention Statutes**

      Petitioner claims that her detention under 8 U.S.C. § 1231(a) for more than six months is not lawful. But Petitioner is not subject to detention under § 1231(a). Following the entry of an administratively final order of removal, an alien is subject to mandatory detention during a 90-day "removal period." 8 U.S.C. § 1231(a)(1)(A), (a)(2). If she cannot be removed within the 90-day removal period, the alien may be granted supervised release or may be further detained, subject to administrative review. 8 U.S.C. § 1231(a)(3). Under § 1231(a)(6), an alien who is removable as an aggravated felon "may be detained beyond the removal period." But, when there is no significant likelihood that a foreign government will accept the alien's return in the reasonably foreseeable future, the Government may not detain the alien for more than the presumptively reasonable period of six months. <u>Zadvydas</u>, 533 U.S. at 701.

      However, the rules for detention under § 1231(a) do not apply in Petitioner's case because the 90-day "removal period" has not yet begun. Section 1231(a)(1)(B) provides:

      The removal period begins on the latest of the following:
      (i)  The date the order of removal becomes administratively final.

(ii) **If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order**.
(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B) (emphasis added). Although Petitioner is subject to an administratively final order of removal, the "removal period" has not yet begun because her removal order is currently on appeal to the Ninth Circuit and because the Ninth Circuit has granted a stay of removal. The "removal period" will not begin for Petitioner until "the date of [Ninth Circuit's] final order." 8 U.S.C. § 1231(a)(1)(B)(ii). Accordingly, Petitioner is apparently detained under the pre-removal order detention statute, 8 U.S.C. § 1226, rather than the post-removal order detention statute, 8 U.S.C. § 1231. Because 8 U.S.C. § 1231 does not apply to Petitioner's case, her claim for relief – that she has been unlawfully detained beyond the 90-day removal period – is meritless. The Court recognizes, however, that Petitioner may have some other basis for challenging the legality of her current detention. Accordingly, the Petition will be dismissed with leave to amend to allow Petitioner to present a cognizable claim for habeas corpus relief.

**III.   Warnings**

**A.   Address Changes**

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**B.   Copies**

Petitioner must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Petitioner.

**C.   Possible dismissal**

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet,

963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) The Petition is dismissed with leave to amend. Petitioner must file an amended petition within 30 days of the date this Order is filed. The amended petition must be retyped or rewritten in its entirety on a Court-approved form and may not incorporate any part of the original Petition by reference. The amended petition must be captioned "Amended Petition."

(2) That the Clerk of Court must provide to Petitioner a current Court-approved form for filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

(3) That the Clerk of Court must enter a judgment of dismissal of this action without prejudice and without further notice to Petitioner if Petitioner fails to file an amended petition within 30 days of the date this Order is filed.

DATED this 6th day of September, 2007.

_____
Mary H. Murguia
United States District Judge

**Instructions for Filing a Petition Under 28 U.S.C. § 2241**
**for Writ of Habeas Corpus by a Person in Federal Custody**
**in the United States District Court for the District of Arizona**

1.  Who May Use This Form.  If you are detained in Arizona, you may use this form to challenge your detention by federal immigration authorities or to challenge the execution of your federal sentence by the United States Bureau of Prisons.  You are asking for release or earlier release on the grounds that your detention or future detention violates the United States Constitution or other federal law. You should not use this form to challenge a state or federal judgment of conviction or sentence.  If you are challenging a conviction or sentence entered against you by a state court, you should file a petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody.  If you are challenging a judgment of conviction or sentence entered by a federal court, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.  Any claim that may be brought or has already been brought in a motion under 28 U.S.C. § 2255 may not be brought using this form unless it appears that the § 2255 motion is inadequate or ineffective to test the legality of your detention. **This form should not be used in death penalty cases.**  If you were sentenced to death, you are entitled to the assistance of counsel and you should request the appointment of counsel.

2.  The Form.  **Local Rule of Civil Procedure (LRCiv) 3.5(a) provides that habeas corpus petitions must be filed on the court-approved form.**  The form must be typed or neatly handwritten.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages.  The form, however, must be completely filled in to the extent applicable.  You do not need to cite law.  If you want to file a brief or arguments, you must attach a separate memorandum.

3.  Your Signature.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4.  The Filing Fee.  The filing fee for this action is $5.00.  If you are unable to pay the filing fee, you may request permission to proceed *in forma pauperis* by completing and signing the Application to Proceed *In Forma Pauperis* provided with the petition form.  You must have an official at the prison or jail complete the certificate at the bottom of the application form.  If the amount of money in your account exceeds $25.00, you must pay the $5.00 filing fee.  LRCiv 3.5(b).

5.  Original and Judge's Copy.  You must send an **original plus one copy** of your petition and of any other document submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6.  Where to File.  You should **file your petition in the division where you are detained**.  See LRCiv 5.1(a).  If you are detained in Maricopa, Pinal, Yuma, La Paz, or Gila County, you should file your petition in the Phoenix Division.  If you are detained in Apache, Navajo, Coconino, Mohave, or Yavapai County, you should file your petition in the Prescott Division.

Revised 3/9/07                                        1

If you are detained in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, you should file your petition in the Tucson Division.  See LRCiv 5.1(b) and 77.1(a).  **Mail the original and one copy of your petition with the $5.00 filing fee or the application to proceed *in forma pauperis* to:**

| | | |
|---|---|---|
| Phoenix & Prescott Divisions: | **OR** | Tucson Division: |
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona  85003-2119 | | Tucson, Arizona  85701-5010 |

7.  Change of Address.  You must immediately notify the Court and respondents in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  Certificate of Service.  You must provide the respondents with a copy of any document you submit to the Court (except the initial petition and application to proceed *in forma pauperis*). Each original document (except the initial petition and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the respondents and the address to that it was mailed.  Fed. R. Civ. P. 5(a), (d).  Any document received by the Court which does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this _____ (month, day, year) to:
> Name:  _____
> Address: _____
>               Attorney for Respondent(s)
>
> _____
> (Signature)

9.  Amended Petition.  If you need to change any of the information in the initial petition, you must file an amended petition.  **The amended petition must be written on the court-approved petition for writ of habeas corpus form.**  You may file one amended petition without leave (permission) of Court before any respondent has answered your original petition.  See Fed. R. Civ. P. 15(a).  After any respondent has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended petition.  LRCiv 15.1.  An amended petition may not incorporate by reference any part of your prior petition.  LRCiv 15.1(a)(2).  **Any grounds not included in the amended petition are considered dismissed**.

10.  Exhibits.  If available, you should attach a copy of all federal court and administrative written decisions regarding the detention you are challenging.  You should **not** submit any other exhibits with the petition.  Instead, the relevant information should be paraphrased in the petition.

11.  <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.  <u>Exhaustion</u>.  In order to proceed with this petition in federal court, you ordinarily must exhaust any administrative remedies available to you.  If you did not fairly present each of your grounds to the appropriate administrative agencies, your petition may be dismissed.

## FINAL NOTE

You should follow these instructions carefully.  Failure to do so may result in your petition being stricken or dismissed by the Court.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the petition is being continued and number all pages.

_____

Name and Prisoner Number/Alien Registration Number

_____

Place of Confinement

_____

Mailing Address

_____

City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| _____, ) <br> (Full Name of Petitioner) ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> _____, ) <br> (Name of Warden, Jailor or authorized person ) <br> having custody of Petitioner) ) <br> ) <br> Respondent. ) <br> _____) | **CASE NO.** _____ <br> (To be supplied by the Clerk) <br><br> **PETITION UNDER 28 U.S.C. § 2241** <br> **FOR A WRIT OF HABEAS CORPUS** <br> **BY A PERSON IN FEDERAL CUSTODY** |

## PETITION

1.  What are you challenging in this petition?
    ☐ Immigration detention
    ☐ Bureau of Prisons sentence calculation or loss of good-time credits
    ☐ Probation, parole or supervised release
    ☐ Other (explain): _____
    _____

2.  (a) Name and location of the agency or court that made the decision you are challenging: _____
    _____

    (b) Case or opinion number: _____

    (c) Decision made by the agency or court: _____
    _____
    _____

**530**

(d) Date of the decision: _____

3.   Did you appeal the decision to a higher agency or court?     Yes ☐     No ☐

If yes, answer the following:

(a) First appeal:

    (1) Name of the agency or court: _____

    (2) Date you filed: _____

    (3) Opinion or case number: _____

    (4) Result: _____

    (5) Date of result: _____

    (6) Issues raised: _____

    _____

    _____

    _____

    **Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

(b) Second appeal:

    (1) Name of the agency or court: _____

    (2) Date you filed: _____

    (3) Opinion or case number: _____

    (4) Result: _____

    (5) Date of result: _____

    (6) Issues raised: _____

    _____

    _____

    _____

    **Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

(c) Third appeal:

    (1) Name of the agency or court: _____

    (2) Date you filed: _____

(3) Opinion or case number: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____
_____
_____
_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

4.    If you did not appeal the decision to a higher agency or court, explain why you did not: _____
_____
_____
_____
_____

5.    Other than the appeals listed above, have you filed any other petitions, applications or motions concerning the issues raised in this petition?          Yes ☐          No ☐

If yes, answer the following:

(a)  Name of the agency or court: _____

(b)  Date you filed: _____

(c)  Opinion or case number: _____

(d)  Result: _____

(e)  Date of result: _____

(f)  Issues raised: _____
_____
_____
_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

6.    For this petition, **state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States**.  Attach additional pages if you have more than four grounds.  State the <u>facts</u> supporting each ground.

**CAUTION:**   <u>To proceed in the federal court, you must ordinarily first exhaust (use up) your available administrative remedies on each ground on which you request action by the federal court.</u>

**GROUND ONE**: _____

_____

_____

_____

_____

_____


    (a)  Supporting FACTS (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____


    (b)  Did you exhaust all available administrative remedies relating to Ground One?        Yes ☐        No ☐

    (c)  If yes, did you present the issue to:
           ☐ The Board of Immigration Appeals
           ☐ The Office of General Counsel
           ☐ The Parole Commission
           ☐ Other: _____


    (d)  If you did not exhaust all available administrative remedies relating to Ground One, explain why:

_____

_____

_____

_____

_____

_____

_____

4

**GROUND TWO**: _____

_____

_____

_____

_____

_____

(a)  Supporting FACTS (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b)  Did you exhaust all available administrative remedies relating to Ground Two?        Yes ☐        No ☐

(c)  If yes, did you present the issue to:
☐ The Board of Immigration Appeals
☐ The Office of General Counsel
☐ The Parole Commission
☐ Other: _____

(d)  If you did not exhaust all available administrative remedies relating to Ground Two, explain why:

_____

_____

_____

_____

_____

_____

_____

**GROUND THREE**: _____

_____

_____

_____

_____

_____

    (a)  Supporting FACTS (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

    (b)  Did you exhaust all available administrative remedies relating to Ground Three?      Yes ☐      No ☐

    (c)  If yes, did you present the issue to:
           ☐ The Board of Immigration Appeals
           ☐ The Office of General Counsel
           ☐ The Parole Commission
           ☐ Other: _____

    (d)  If you did not exhaust all available administrative remedies relating to Ground Three, explain why:

_____

_____

_____

_____

_____

_____

_____

6

**GROUND FOUR**: _____

_____

_____

_____

_____

_____

   (a)  Supporting FACTS (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

   (b)  Did you exhaust all available administrative remedies relating to Ground Four?      Yes ☐      No ☐

   (c)  If yes, did you present the issue to:
        ☐ The Board of Immigration Appeals
        ☐ The Office of General Counsel
        ☐ The Parole Commission
        ☐ Other: _____

   (d)  If you did not exhaust all available administrative remedies relating to Ground Four, explain why:

_____

_____

_____

_____

_____

_____

_____

_____

7

**Please answer these additional questions about this petition:**

7.   Are you challenging your conviction or sentence in any of the grounds raised above?  Yes ☐          No ☐
(Claims challenging a federal conviction or sentence may only be raised in a motion under 28 U.S.C. § 2255, unless the § 2255 motion is legally inadequate or ineffective.)

   If yes, answer the following:

   (a)   Have you filed a motion under 28 U.S.C. § 2255?          Yes ☐          No ☐

      If yes, answer the following:

      (1)  Name of court: _____

      (2)  Case number: _____

      (3)  Opinion or case number: _____

      (4)  Result: _____

      (5)  Date of result: _____

      (6)  Issues raised: _____
      _____
      _____
      _____

      **Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

   (b)   Explain why the remedy under § 2255 is inadequate or ineffective: _____
   _____
   _____
   _____
   _____

8.   If this case concerns immigration removal proceedings, answer the following:

   (a)   Date you were taken into immigration custody: _____

   (b)   Date of removal or reinstatement order: _____

   (c)   Did you file an appeal with the Board of Immigration Appeals?          Yes ☐          No ☐

      (1)  Date you filed: _____

      (2)  Case number: _____

8

(3)  Result: _____

(4)  Date of result: _____

(5)  Issues raised: _____

_____

_____

_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

(d)  Did you file an appeal with the federal court of appeals?        Yes ☐        No ☐

(1) Name of the court: _____

(2)  Date you filed: _____

(3)  Case number: _____

(4)  Result: _____

(5)  Date of result: _____

(6)  Issues raised: _____

_____

_____

_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

9.    Petitioner asks that the Court grant the following relief: _____

_____

_____

_____

or any other relief to which Petitioner may be entitled.  (Money damages are not available in habeas corpus cases.)


        I declare under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____(month, day, year).


_____

**Signature of Petitioner**


_____         _____

Signature of attorney, if any                               Date

9